# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES E. EWING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1068 CEJ |
| | ) | |
| FRESH IDEAS MANAGEMENT LLC | ) | |
| and MORESOURCE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Moresource, Inc.("Moresource") to dismiss plaintiff's complaint and the motion of defendant Fresh Ideas Management, LLC's ("Fresh Ideas") to dismiss portions of plaintiff's complaint. See Fed.R.Civ.P. 12(b)(6). Plaintiff, Charles Ewing, proceeding *pro se*, did not respond to the motions.

## BACKGROUND

For purposes of the instant motion, the Court assumes the following facts alleged by plaintiff to be true. Plaintiff was employed by defendants to provide meal services at Maryville University. He worked in this capacity for approximately six years before defendants took over the business, on or about June 1, 2006. Within two weeks of defendants taking over the business, plaintiff was terminated from his employment.

Although plaintiff was told that he was being fired for a prior criminal conviction[1], he believes the termination decision was unlawfully based upon his race (African-American).

On June 1, 2007, plaintiff filed the instant action against defendants, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, claiming that he was unlawfully discharged because of his race, discriminated against in the terms and conditions of his employment, subjected to a racially hostile work environment and retaliated against. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on or about July 6, 2006, in which he identified the entities be believed to have discriminated against him as "Fresh Ideas/More Source." In the charge, plaintiff asserted only a claim of race discrimination in connection with the termination of his employment.

Defendant Moresource seeks to dismiss plaintiff's complaint for failure to allege that Moresource was plaintiff's employer or that it engaged in any unlawful conduct with respect to his employment. In the alternative, Moresource seeks to dismiss plaintiff's allegations of discrimination in the terms and conditions of his employment, harassment/hostile work environment and retaliation, arguing that plaintiff failed to exhaust his administrative remedies with respect to these claims. Defendant Fresh

---

[1] Plaintiff was convicted of statutory rape in 1976.

Ideas Management, LLC ("Fresh Ideas") seeks to dismiss portions of plaintiff's complaint on these same bases.

## LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1965 (May 21, 2007) citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974. See also id. at 1969 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

**DISCUSSION**

**A.     Failure to State A Claim as to Defendant Moresource**

Moresource moves to dismiss plaintiff's complaint in its entirety for his failure to allege that he was an employee of Moresource. Moresource additionally argues that plaintiff's complaint lacks any specific allegations stating that he was discriminated against by defendant Moresource.

Title VII defines "employee" as "an individual employed by an employer." 42 U.S.C. § 2000e(f). Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year ..." 42 U.S.C. § 2000e(b). Liberal construction is to be given to the definition of "employer" under Title VII based on the remedial purposes of Title VII. Baker v. Stuart Broadcasting Co., 560 F.2d 389, 391 (8th Cir. 1977).

For Title VII purposes, the Eighth Circuit has analyzed employee status by applying a hybrid, fact-intensive test to the worker's situation which combines the common law definition of agency and the economic realities test. Hunt v. State of Mo., Dept. of Corr., 297 F.3d 735, 741 (8th Cir. 2002); Wilde v. County of Kandiyohi, 15 F.3d 103, 105 (8th Cir. 1994); Restatement (Second) of Agency § 220(2) (1958) ("Under the hybrid test, a court typically weighs the common-law factors listed in the

Restatement and some additional factors related to the worker's economic situation, like how the work relationship may be terminated, whether the worker receives yearly leave, whether the worker accrues retirement benefits, and whether the hiring party pays social security taxes."). It is also entirely possible that an individual may be employed for the purposes of Title VII by more than one employer for the same work. Hunt, 297 F.3d at 742 ("Nothing in the law precludes the possibility that a person may have two or more employers for the same work.").

Because plaintiff's EEOC charge was provided to the Court as a supplement to the complaint, the allegations therein are incorporated into the complaint. Fed.R.Civ.P. 10(c); Quinn v. Ocwen Federal Bank FSB, 470 F.3d 1240, 1244 (8th Cir. 2006). Plaintiff's EEOC charge lists Moresource as one of the employers he believes discriminated against him and in describing the particulars in his charge, he claims "[he] worked for the above-named employer providing meal services at Maryville University." Construing the complaint liberally, as the Court must with respect to *pro se* pleadings, and in the light most favorable to the plaintiff, plaintiff's allegations are sufficient to survive a Rule 12(b)(6) motion to dismiss against Moresource. See Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996) ( *pro se* complaints must be liberally construed); Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 590

(8th Cir. 2004) ("[I]n ruling on a motion to dismiss ... all reasonable inferences from the complaint must be drawn in favor of the nonmoving party.").

**B.     Failure to Exhaust Administrative Remedies**

Defendants move to dismiss plaintiff's claims of discrimination in the terms and conditions of his employment, harassment/racially hostile work environment, and retaliation on the basis that plaintiff did not include these claims in his EEOC charge and, therefore, has not exhausted his administrative remedies with respect to these claims.

Title VII requires administrative exhaustion before filing a lawsuit. Ledbetter v. Goodyear Tire & Rubber Co., 127 S.Ct. 2162, 2166 (2007). To exhaust one's administrative remedies, an individual must timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge. 42 U.S.C. § 2000e-5(e). The charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). The charge limits the scope of the subsequent civil action in that once an individual has received a notice of a right to sue from the EEOC or state agency, he or she has ninety days in which to file a lawsuit that "grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." Nichols v. Am. Nat'l Ins. Co., 154 F.3d 875, 886 (8th Cir. 1998); see also, Mohr v. Dustrol, Inc., 306 F.3d 636,

644-45 (8th Cir. 2002). "[If] the employee does not submit a timely EEOC charge, the employee may not challenge that practice in court." Ledbetter, 127 S.Ct. at 2166-67 citing § 2000e-5(f)(1). This "like or related to" requirement serves to ensure that any claims brought during civil litigation have been adequately presented to the EEOC so as to preserve their investigatory and conciliatory role in dealing with employment discrimination. Kells v. Sinclair Buick-GMC Truck, Inc., 210 F.3d 827, 836 (8th Cir. 2000). In determining whether a claim is "like or related to" a plaintiff's EEOC charge, courts focus heavily on whether the allegations in the complaint are enough to put the employer on notice of the conduct complained of and the general basis for the claim. Fair v. Norris, 480 F.3d 865, 867 n. 2 (8th Cir. 2007) ("Although an EEOC complaint need not specifically articulate the precise claim or set forth all the evidence an employee may choose to later present in court, it must nevertheless be sufficient to give the employer notice of the subject matter of the charge and identify generally the basis for a claim.")

Defendants move to dismiss plaintiff's claims of discrimination in the terms and conditions of his employment, harassment/racially hostile work environment, and retaliation as outside the scope of plaintiff's EEOC charge. The Court agrees with defendants that these claims were not included in plaintiff's charge and are therefore unexhausted.

In his charge, the only boxes checked by plaintiff were those for discrimination based on "race" and "other." In his narrative, plaintiff identifies the only "wrongful conduct" allegedly perpetrated by defendants as the termination of his employment. Additionally, plaintiff indicated in the charge that the discrimination began and ended on June 24, 2006, the date he was terminated from his employment. Plaintiff's failure to mention any facts relating to, or assertions of, discriminatory acts regarding other "terms or conditions of his employment" is fatal to this claim in his complaint..

Similarly, plaintiff has failed to exhaust his administrative remedies with respect to his harassment/hostile work environment claim. Although it is worth noting that there is no "harassment/hostile work environment" box to check on the EEOC charge, plaintiff's narrative lacks any mention of "severe or pervasive" conduct or a racially charged work environment. See Green v. Franklin National Bank of Minneapolis, 459 F.3d 903, 910 (8th Cir. 2006) (noting that in order to establish a claim for a hostile and abusive work environment, plaintiff must allege that he was subjected to unwelcome harassment because of his race and that the harassment was sufficiently severe or pervasive that a reasonable person would find that the harassment affected a term, condition, or privilege of employment); see also, Mems v. City of St. Paul, 327 F.3d 771, 782 (8th Cir. 2003), cert. denied, 540 U.S. 1106 (2004). And hostile work environment claims are not "like or reasonably related to" claims for wrongful

termination. Cottrill v. MFA, Inc., 443 F.3d. 629, 634-35 (8th Cir. 2006) (claims for disparate treatment did not arise from nor were reasonably related to the allegations of a hostile work environment); Gipson v. KAS Snacktime Co., 83 F.3d. 225, 229 (8th Cir. 1996) (for a claim of hostile work environment "[t]o be properly exhausted [it] must be separately raised in the administrative charge, because it is not reasonably related to a claim of discrete act of discrimination, such as [a termination]") (abrogated on different grounds); Tart v. Hill Behan Lumber Co., 31 F.3d. 668, 671 (8th Cir. 1984) (claim of racial harassment is not reasonably related to racially discriminatory discharge).

Lastly, plaintiff did not check the "retaliation" box, nor did he describe in his narrative any engagement in a protected activity or acts done in retaliation therefore. See, e.g., Burlington Northern & Santa Fe Railway Co. v. White, 126 S.Ct. 2405 (noting that in order to state a *prima facie* case of retaliation a plaintiff must allege that he engaged in protected conduct, that reasonable employees would have found the challenged retaliatory action materially adverse and that the materially adverse action was causally linked to the protected conduct). Rather, plaintiff's narrative alleges only that he was discriminated against on the basis of his race when his employer terminated his employment. As such, defendants cannot be said to have been put on notice that plaintiff was pursuing a retaliation claim and plaintiff's claims of retaliation cannot be

said to be like or reasonably related to his claims of discriminatory discharge. See, e.g., Stuart v. General Motors Corp., 217 F.3d 621, 631 (8th Cir. 2000).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Moresource, Inc. to dismiss [Doc. #17] is **granted** as to plaintiff's claims of discrimination in the terms and conditions of his employment, harassment/hostile work environment, and retaliation only. The motion to dismiss is in all other respects **denied**.

**IT IS FURTHER ORDERED** that the motion of defendant Fresh Ideas Management, LLC to dismiss plaintiff's claims of discrimination in the terms and conditions of his employment, harassment/hostile work environment, and retaliation [Doc. #10] is **granted**. These claims are **dismissed** as to both defendants for failure to exhaust administrative remedies.

Dated this 27th day of November, 2007.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE