```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                      EASTERN DIVISION
```

CHARLES E. EWING,              )
                               )
            Plaintiff,         )
                               )
      v.                       )     No. 4:07-CV-1068-CEJ
                               )
FRESH IDEAS, et al.,           )
                               )
            Defendants.        )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the defendants' motion to dismiss this action for failure to comply with an order compelling disclosure and discovery. Plaintiff has not filed a response to the motion, and the time allowed for doing so has elapsed.

On July 9, 2008, the Court entered an order granting defendants' motion to compel and ordering plaintiff to submit to defendants, no later than July 21, 2008, initial disclosures required by Fed. R. Civ. P. 26(a)(1), answers to defendants' interrogatories and requests for admission, and documents responsive to defendants' requests for production. The Court warned plaintiff that failure to comply with the order could result in dismissal of this action with prejudice.

On July 22, 2008, plaintiff, who is *pro se*, filed a handwritten statement indicating that he had complied with the order. According to defendants' motion, plaintiff has not made any

initial disclosures,[1] nor has he timely and fully complied with this order compelling disclosure and discovery. Defendants state that contrary to plaintiff's July 22nd statement, they did not receive any documents from plaintiff until July 28, one week after the deadline for compliance with the order. The Court has reviewed plaintiff's answers to the requests for admissions and finds them to be either incomplete or nonresponsive. Plaintiff failed to respond or produce any documents in response to the defendants' requests for production of documents. Additionally, plaintiff's answers to defendant Moresource's interrogatories were unverified, and his answers to defendant Fresh Ideas' interrogatories were incomplete.[2]

Before filing the motion to compel, the defendants made several attempts to obtain responses to their discovery requests. In response to a telephone message left by defendants' counsel, plaintiff stated that he had never received the discovery requests that were mailed to him. However, there is no indication that the post office did not deliver the discovery materials to plaintiff. Defendants' counsel wrote to plaintiff, renewing the demand that he respond to the discovery and offering him additional time to

---

[1]Pursuant to this Court's Case Management Order [Doc. #30], Rule 29(a)(1) initial disclosures were to be made no later than March 15, 2008.

[2]Plaintiff failed to answer Interrogatory 6. Also, because the Court ordered him to <u>answer</u> the interrogatories, plaintiff's objections to Interrogatories 2, 5, 13 and 14 were improper.

produce the requested information.[3] Plaintiff never responded to the correspondence. After the motion to compel was filed, there was again no response by the plaintiff. Plaintiff did respond to the order compelling discovery, although (as discussed above) he did not do so timely or completely.

Rule 37(b)(2)A) permits a court to impose sanctions upon a party who fails to obey an order to provide discovery. Among the sanctions authorized by the rule is dismissal of the action with prejudice. Fed. R. Civ. P. 37(b)(2)(A)(v). However, "[d]ismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or persistent failure to prosecute a complaint." Givens v. A.H. Robins Co., 751 F.2d 261, 263 (8th Cir. 1984)[citing Lorin Corp. v. Goto & Co., 700 F.2d 1202, 1207-08 (8th Cir. 1983)]. See also Hairston v. Alert Safety Light Products, Inc., 307 F.3d 717, 719 (8th Cir. 2002)(dismissal sanction under Rule 37(b)(2) should be used only " "when the 'failure to comply has bee due to willfulness, bad faith, or any fault of petitioner'").

The circumstances of plaintiff's non-compliance with the order compelling discovery do not indicate willful disobedience. Given plaintiff's *pro se* status and his efforts, though unsatisfactory, to comply with the order, the Court believes that the sanction of

---

[3] It does not appear that the counsel re-mailed the discovery requests along with this letter. However, the fact that plaintiff submitted responses proves that he received the discovery requests.

dismissal cannot be justified. Instead, the plaintiff will be given one further opportunity to comply with the July 9 order. Repeat non-compliance, without just cause or excuse, may cause the Court to view plaintiff's actions as willful disobedience.

The Court is mindful of the effect that plaintiff's failure to provide discovery may have on defendants' ability to meet the approaching deadline for filing dispositive motions. To avert any prejudice to defendants, this deadline will be extended.

Accordingly,

**IT IS HEREBY ORDERED** that the defendants' motion to dismiss [#39] is **denied**.

**IT IS FURTHER ORDERED** that plaintiff shall have until **September 5, 2008**, to provide the following: (1) complete and verified answers to defendant Fresh Ideas' interrogatories; (2) verification of his answers to defendant Moresources' interrogatories; (3) complete answers to the requests for admission of both defendants; and (4) all documents responsive to the requests for production of both defendants.

**Plaintiff is warned that failure to comply fully with this Order may result in dismissal of this action with prejudice.**

**IT IS FURTHER ORDERED** that the deadline for filing a motion to dismiss, for summary judgment or for judgment on the pleadings is extended to **October 6, 2008**. The response in opposition to such

motion shall be due on **November 6, 2008**. The reply in further support of the motion shall be due on **November 17, 2008.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE


Dated this 27th day of August, 2008.